Welch, J.
The objection to the indictment is not well taken. It is established law that the relation of step-father and step-daughter, at least within the meaning of statutes against the’ crime of incest, terminates with the death or divorce of the mother. To aver the relation of step-father and step-daughter is therefore, and necessarily, to aver the marriage of the mother to the step-father, and the subsistence of the marriage relation at the time in question. This is the legal import of the terms. They must have the same meaning in the indictment as in the statutes. No amplification, or special definition of the relation, can make it more certain, or give additional notice of the particular facts to be proven at the trial. The case is one of those where the pleader may safely and properly adopt the language of the statute describing the offense, as appears to have been done in the present instance.
It remains to inquire whether the court erred in its instructions to the jury. In that part of the charge relating to the death of the mother’s former husbands, we see no way of avoiding the conclusion that there is error. The court, in effect, charged the jury, that if either of the two former husbands of the mother was dead, or presumed to be dead, her subsequent marriage to Noble would be valid. This is undeniably bad law, and could never have been intended by the court. But it is so written in the record, and to that alone we can look.
As to the other branch of the court’s instructions, we have much more difficulty in deciding. Were it an open question in this state, whether emission is necessary to constitute the crime of rape, it is not at all unlikely that we should feel constrained to decide it in the negative. It is not, however, an open question; and it would seem only necessary, therefore, to inquire whether the statutory words *545 defining the sexual act, in the case of incest, are so variant from those employed in the case of rape as to import a. different meaning. The statutory words, in the case of rape, are “ carnal knowledge,” and in the case of incest,. “ sexual intercourse.” It seems to us that they are equivalents of each other. Tbat the same words are not employed in both cases probably arises from the fact that iru one case the act is committed by a single person, while in the other it is the act of two. We are unable to see on what ground it can be held that “sexual intercourse”' means less than “ carnal knowledge.” Being equivalents, they should be held to have the same meaning. Whatthatmeaning should be, is perhaps not so important as it is that-the meaning should be settled and fixed one way or the-other, and by decisions which are consistent with themselves. No great mischief need be apprehended from holding this element essential in cases of incest. Eor, it must be remembered, the crime of incest is committed by two-willing parties; and therefore, in ninety-nine cases out of a hundred, the act will be consummated. It must be-remembered also, that in that hundredth case, as in all others, the fact in question will be presumed from the other-necessary acts preceding it, and must be found to exist-unless the contrary is shown by the evidence.
Eor the reason that the court erred in these two respects in its charge to the jury, the judgment must be reversed* and the cause remanded.
Stone, J., dissented as to the last proposition in the syllabus.
Judgment reversed, and cause remanded for further proceedings„